IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

THADDEUS WALKER,

    Petitioner,

v.                                                                           CASE NO. 4:09-cv-66-RH-AK

WALTER MCNIEL,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 18, Respondent's motion to dismiss petition for writ of habeas corpus as untimely. Petitioner has not filed a response to the motion to dismiss, and the time for doing so has passed without any communication from Petitioner. Having carefully considered the matter, the Court recommends that the motion to dismiss be granted and that this cause be dismissed as untimely.

Petitioner pled no contest to one count of armed robbery and was sentenced on August 2, 2004, to 10 years imprisonment. *Id*. at Ex. B & C. According to his petition, he did not appeal, and thus, the conviction became final on September 2, 2004. Fla. R. App. P. 9.110(b). On or about October 6, 2004, Petitioner filed a Rule 3.850 motion to correct illegal sentence in the lower court. *Id*. at Ex. D. After an evidentiary hearing, the court denied the motion, *id*. at Ex. F, and a request for rehearing. Petitioner appealed, but the appeal was dismissed on October 31,

2005, when Petitioner failed to file an initial appellate brief.  *Id*. at Ex. J.

On or about October 6, 2005, Petitioner filed a second motion for post-conviction relief.  *Id*. at Ex. K.  The court denied the motion on October 25, 2005, based on the fact that the first motion was still on appeal.  *Id*. at Ex. L.  Petitioner did not appeal this denial.

Petitioner took no further action until almost two years later when, on or about October 7, 2007, he filed a third post-conviction motion in state court.  *Id*. at Ex. M.  On May 23, 2008, the court denied the motion as untimely and successive.  *Id*. at Ex. N.  Petitioner appealed, and the court of appeal affirmed the decision without written opinion, with the mandate issuing on January 6, 2009.  The instant petition was filed on February 11, 2009, when it was placed in the hands of prison officials for mailing.

Section 2254 petitions are subject to a one-year statute of limitations.  28 U.S.C. § 2244(d)(1).  This limitations period runs from the latest of the following:  the date on which the state court judgment became final; the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; or the date on which the factual predicate for the claim could have been discovered by due diligence.  28 U.S.C. § 2244(d)(1)(A)-(D).  Only subsection (A) is at issue in this case.

From the date that Petitioner's conviction became final, he had one year to seek federal habeas review of his conviction.  28 U.S.C. §2244(d)(1)(A).  Since a properly filed post-conviction motion in state court will toll the running of the statute of limitations, *id*. at §

2244(d)(2), the limitations period was indisputably tolled between October 6, 2004, and October 31, 2005, when his appeal was dismissed. At that time, only 34 days of the one-year statute of limitations period had expired.

Even assuming that Petitioner received the benefit of an additional 30-day tolling period after the denial of the second post-conviction motion, that time would have expired on or about November 24, 2005. At that time, Petitioner had 321 days of the one-year statute of limitations remaining. However, between November 25, 2005, and October 7, 2007, Petitioner took no further action in any court, and the statute of limitations resumed running unabated, expiring on or about October 12, 2006. By the time he filed the third post-conviction motion in state court almost a year later, the statute of limitations for seeking relief here had expired.

As the instant petition was not filed here until February 11, 2009, over two years out of time, Petitioner clearly missed the filing deadline, and nothing he did in state court after the expiration of the statute of limitations serves to revive the time for filing here. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (tolling provisions do not restart statute of limitations once limitations period has expired); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002). In other words, the time for filing the instant petition had expired before Petitioner filed his third post-conviction motion in state court, and the filing of that motion could not toll a statute of limitations that had already expired. It is of no consequence that the State statute allows a prisoner two years to seek post-conviction relief, as he has only one year to seek relief in this Court.

Though the time for filing a § 2254 petition may be equitably tolled under certain extraordinary circumstances, a review of the documents reveals nothing to support equitable tolling. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (to qualify for equitable tolling, petitioner must show extraordinary circumstances that are both beyond his control and unavoidable even with diligence); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000).

In light of the foregoing, it is respectfully **RECOMMENDED:**

That the motion to dismiss, Doc. 18, be **GRANTED**;

That the petition for writ of habeas corpus, Doc. 1, be **DENIED AS UNTIMELY**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this  *19th*  day of October, 2009.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**